# In the United States Court of Federal Claims

Nos. 20-144C, 20-145C, 20-196C, 20-197C, 20-264C, 20-284C, and 20-286C

(Filed: June 15, 2020)

| | |
|---|---|
| **************************************** | |
| CAROL MCCASKILL, | |
|     Plaintiff, | |
| v. | |
| THE UNITED STATES, | |
|     Defendant. | RCFC 12(b)(1); Motion to Dismiss; Subject-Matter Jurisdiction; Tucker Act Jurisdiction; Money-Mandating Source of Law. |
| **************************************** | |
| DUSTIN MCCASKILL, | |
|     Plaintiff, | |
| v. | |
| THE UNITED STATES, | |
|     Defendant. | |
| **************************************** | |

*Carol McCaskill, pro se,* Norman, Oklahoma, Plaintiff.

*Dustin McCaskill, pro se,* Norman, Oklahoma, Plaintiff.

*Matthew J. Carhart*, Trial Attorney, with whom was *Claudia Burke*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, Commercial Litigation Branch, and *Joseph H. Hunt*, Assistant Attorney General, U.S. Department of Justice, Washington, D.C., for Defendant.

OPINION AND ORDER

WHEELER, Judge.

These cases involve *pro se* claims against the United States and several federal government agents by mother and son Carol and Dustin McCaskill for alleged violations

of their First, Fourth, Sixth, and Fourteenth Amendment rights. The Government has filed a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction, arguing that this Court does not have jurisdiction over claims against individuals or claims arising under non-money-mandating constitutional amendments. The Court agrees with the Government. For the reasons explained below, the Court GRANTS the Government's motion to dismiss.

## BACKGROUND

Carol and Dustin McCaskill have brought seven complaints against the United States and individual federal government agents, citing Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics. 403 U.S. 388 (1971). At the time of the events that led to these lawsuits, Dustin was under supervised release for a prior conviction for violations of federal law. No. 20-144, Dkt. 5 at 6. The McCaskills' claims stem from interactions between them and parole officer Branndon Phillips as well as from Dustin's resulting parole revocation hearing. E.g., Id.; No. 20-196, Dkt. 5 at 7.

Dustin's claims pertain to his alleged "wrongful conviction and unlawful incarceration" for violating the terms of his parole by assaulting his parole officer, Branndon Phillips. No. 20-145, Dkt. 10 at 1. The assault charges stem from a phone conversation between Dustin and Officer Phillips following a search of the McCaskill residence. No. 20-144, Dkt. 5 at 7. Dustin claims that they engaged in a "heated verbal argument" about Officer Phillips's efforts to obtain Dustin's mental health records, and that he used "explicit language" but did not make any threats. No. 20-145, Dkt. 4 at 6. As a result of this phone call, Phillips testified under oath and in a signed affidavit that Dustin assaulted him. Id. at 7. Dustin was sentenced to ten months confinement for violating the terms of his supervised release. Id. On appeal, the Court of Appeals for the Ninth Circuit vacated Dustin's sentence, though he had already served ten months and twenty-one days in prison. Id. at 8. Dustin is suing Phillips for his "intentional malicious, callous and deliberately indifferent acts." Id. at 10.

Dustin and Carol both claim that Carol recorded a video of the phone conversation that proves that Dustin did not threaten Phillips. No. 20-144, Dkt. 5 at 7; No. 20-145, Dkt. 4 at 3. Dustin is also suing his public defenders for "intimidating" and "threatening" him that he would be charged with additional offenses if he showed the video of the phone conversation in court at his revocation hearing. No. 20-264, Dkt. 1 at 6–7. Lastly, he is suing federal prosecutor Philip Smith for returning a copy of the video that Dustin mailed to him and instructing Dustin to file it with the clerk of court. No. 20-286, Dkt. 1 at 6.

Carol's claims pertain to Officer Phillips's search of her house as well as her being restricted from entering and presenting evidence at Dustin's parole hearing. E.g., No. 20-

144, Dkt. 5 at 6; No. 20-197, Dkt. 5 at 7-9. Carole alleges that Officer Phillips and another officer searched her residence (where Dustin was staying) when Dustin was not home and found and confiscated Carole's seizure medication. No. 20-144, Dkt. 5 at 6. In relation to Dustin's parole revocation hearing, Carol is suing Unknown Named United States Security Officers and Marshals for refusing her entry into the courthouse "as a witness possessing exculpatory video evidence" of the conversation between Dustin and his parole officer. No. 20-197, Dkt. 5 at 6. She also claims that one of the officers seized her cell phone and deleted a video she took of her conversation with them. Id. at 8. Furthermore, she has brought claims against federal prosecutor Philip Smith for "defamation, obstruction of justice, witness tampering and abuse of a disabled person" for making false statements about her mental health and preventing her from testifying at Dustin's hearing. No. 20-284, Dkt. 1 at 5. Dustin is also suing the Unknown Named United States Security Officers and Marshals for denying Carole entry into his parole revocation hearing with the video. No. 20-196, Dkt. 5 at 7–8.

The seven cases, which include the four complaints by Dustin and three by Carol, were consolidated per Rule 42 of the Rules of the United States Court of Federal Claims ("RCFC") due to their factual and legal commonalities. The lead case is Carol McCaskill v. United States, No. 20-144C. The Government moved to dismiss these cases for lack of subject-matter jurisdiction. The Government's motions to dismiss are now fully briefed and ripe for decision.

## DISCUSSION

### I.   Standard of review

In deciding whether it has subject-matter jurisdiction, the Court "accepts as true all uncontroverted factual allegations in the complaint and construes them in the light most favorable to the plaintiff." Estes Express Lines v. United States, 739 F.3d 689, 692 (Fed. Cir. 2014). Although the Court holds *pro se* pleadings to a lower standard, a *pro se* plaintiff must still prove subject-matter jurisdiction by a preponderance of evidence. See Lengen v. United States, 100 Fed. Cl. 317, 328 (2011).

### II.   Lack of subject-matter jurisdiction

Under the Tucker Act, this Court may hear any "claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act itself does not create a substantive cause of action. Rather, for a claim to be cognizable under the Tucker Act, the plaintiff must identify a "separate

source of substantive law that creates the right to money damages." Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005). The separate source of substantive law is considered money-mandating if it "can fairly be interpreted as mandating compensation for damages sustained as a result of the breach of the duties [it] impose[s]." Id. at 1173 (quoting United States v. Mitchell, 463 U.S. 206, 217 (1983)).

    a. <u>No jurisdiction over claims against individuals</u>

The Court can only exercise jurisdiction over claims brought against the Government. See United States v. Sherwood, 312 U.S. 584, 588 (1941). More specifically, the Court does not have jurisdiction over claims brought against individual federal government agents. See Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997). Furthermore, Bivens does not grant this Court jurisdiction to hear claims against federal agents because Bivens only recognized jurisdiction over those sorts of claims in federal district courts. See Schweitzer v. United States, 82 Fed. Cl. 592, 596 (2008). The Court therefore does not have jurisdiction over the McCaskills' claims against individual federal government agents.

    b. <u>No jurisdiction over non-money-mandating constitutional claims</u>

Even if the Court had jurisdiction over claims against individual federal agents, it does not have jurisdiction over claims brought against the Government arising under constitutional amendments that do not obligate the Government to pay monetary damages. The First, Fourth, and Sixth Amendments, and the Due Process and Equal Protection clauses of the Fourteenth Amendment are not money-mandating. See United States v. Connolly, 716 F.2d 882, 887 (Fed. Cir. 1983) (First Amendment); Dupre v. United States, 229 Ct. Cl. 706 (1981) (Fourth Amendment); Ogden v. United States, 61 Fed. Cl. 44, 47 (2004) (Sixth Amendment); LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (Due Process and Equal Protection Clauses of the Fourteenth Amendment). Accordingly, this Court does not have jurisdiction over the McCaskills' claims against the Government arising under these Amendments.

## CONCLUSION

For the reasons set forth above, the Court GRANTS Defendant's Motion to Dismiss, and DISMISSES Carol McCaskill and Dustin McCaskill's complaints for lack of subject-matter jurisdiction. The Clerk of the Court is directed to DISMISS Plaintiffs' complaints without prejudice. All remaining motions pending in these cases are DENIED as moot.

IT IS SO ORDERED.

<u>s/Thomas C. Wheeler</u>  
THOMAS C. WHEELER  
Judge